United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41759
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARY RUTH WEST,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-52-1
---------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Mary Ruth West appeals the 21-month sentence imposed following her guilty plea convictions for four counts of making and subscribing false tax returns. West argues that the district court erred in sentencing her in violation of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) because she did not admit the conduct used to enhance her sentence. She argues that she preserved the error in the district court and that the Government cannot show that the error is harmless.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>Booker</u>, the Supreme Court extended its Sixth Amendment holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) to the federal sentencing guidelines. "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at 756. The Court in <u>Booker</u> excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the federal sentencing guidelines advisory. <u>Id.</u> at 764-65.

When, as here, a <u>Booker</u> error is preserved, this court will ordinarily vacate and remand for resentencing unless the Government can establish harmless error beyond a reasonable doubt. <u>United States v. Pineiro</u>, 410 F.3d 282, 284 (5th Cir. 2005). The Government acknowledges that the factual findings made by the district court to enhance West's sentence violated the Sixth Amendment in light of <u>Booker</u>. It also concedes that it cannot establish harmless error beyond a reasonable doubt.

The district court imposed a guideline sentence of 21 months and alternative sentences of 13 months if the guidelines were found to be unconstitutional or if it was determined that the district court was not authorized to make factual findings supporting sentencing enhancements. It cannot be determined from the record which sentence the district court would have imposed if it had known that the sentencing guidelines were discretionary rather than

2

mandatory in nature.  Therefore, the sentence is VACATED, and the case is REMANDED to the district court for resentencing in light of Booker.

3